EL PUEBLO, APELADO, *v.* PAGÁN ET AL., APELANTES.

APELACIÓN procedente de la Corte de Distrito de Mayagüez.

No. 606.—Resuelto en junio 17, 1913.

REGLAMENTOS DE SANIDAD—EDIFICIOS A PRUEBA DE RATAS—MANDATARIO—SUFICIENCIA DE LA ACUSACIÓN.—En una acusación contra los mandatarios de los condueños de un edificio por infracción del Reglamento de Sanidad No. 3 sobre conservación de los edificios a prueba de ratas, no es necesario que en la acusación se alegue que tenían facultades bastantes de acuerdo con sus poderes para realizar las obras que les ordenó el Director de Sanidad, siendo por regla general bastante que la acusación se redacte siguiendo las palabras del estatuto.

ID.—ALMACÉN—PISO DE CONCRETO.—No es necesario que en una acusación por no cumplir la orden del Director de Sanidad ordenando que a una casa dedicada a almacén se le ponga el piso de cemento, se alegue que lo tiene de madera, pues la regla 7 del Reglamento de Sanidad No. 3 exige que todo almacén tenga el piso de concreto.

Id.—Poder General para Administrar—Obras de Reparación y Conserva-
ción.—El ponerle piso de cemento a un edificio dedicado a almacén, según
lo exige el Reglamento de Sanidad No. 3, constituye una obra meramente de
reparación y conservación, y no de nueva construcción o de fabricación, y un
apoderado con poder general para administrar tiene facultades para hacer
dicha obra sin necesidad de mandato expreso, y si no la hace es responsable
de la infracción del Reglamento de Sanidad No. 3.

Id.—Condueño.—El condueño de un edificio dedicado a almacén tiene el deber de
ponerle piso de cemento de acuerdo con el Reglamento de Sanidad No. 3, pues
tal obra es de conservación, y de acuerdo con el artículo 402 del Código Civil
revisado puede obligar a los otros condueños a contribuir a los gastos del
mismo, sin que pueda alegar como excusa los preceptos del artículo 404 de
dicho código.

Id.—Ejecución de las Obras por el Servicio de Sanidad.—De acuerdo con el
artículo 31 de la Ley No. 81 de 1912, el que infringe un Reglamento de
Sanidad incurre en la responsabilidad que marca dicha ley, aun cuando al
ordenársele hacer la obra se le advirtiera que si no lo hacía el Servicio de
Sanidad la haría por cuenta de él.

Los hechos están expresados en la opinión.

Abogado de los apelantes: *Sr. Angel A. Vázquez.*

Abogado del Pueblo: *Sr. Charles E. Foote, Fiscal.*

El Juez Asociado Sr. Aldrey emitió la opinión del tri-
bunal.

Los apelantes fueron acusados ante la Corte de Distrito
de Mayagüez de haber infringido el artículo 7°. del Regla-
mento No. 3 de la Junta Superior de Sanidad, para construir
y conservar a prueba de ratas los edificios y sus dependen-
cias en la Isla de Puerto Rico y, declarados culpables y sen-
tenciados a pagar una multa, han interpuesto el presente
recurso de apelación, cuyo primer fundamento es que la corte
sentenciadora erró al desestimar su excepción perentoria de
que la acusación no era suficiente. Dicha acusación, en lo
necesario, dice así:

"Los citados Vicente Pagán que representa a la Vda. de Gálvez,
Francisco del Moral, por sí y como apoderado de la Sra. Carmen
Nadal, Vda. de del Moral, Don Salvador Nadal como apoderado de
Félix Nadal y Don Enrique Franco, como apoderado de Angel B.
Martínez, siendo los Sres. Vda. de Gálvez, Francisco del Moral, Carmen
Nadal, Vda. de del Moral, Félix Nadal y Angel B. Martínez, dueños de
un almacén radicado en la Playa de Mayagüez, que forma parte del
Distrito Judicial Municipal de Mayagüez, P. R., voluntaria y malicio-

samente, y en 5 de febrero de 1913, los citados apoderados antes mencionados no han procedido a poner a prueba de ratas dicho almacén a pesar de haberles sido notificado con fecha 25 de enero de 1913, por el Sr. José Enrique Colón, Inspector de Sanidad, para que pusieran un piso de concreto, toda vez que dicha casa se dedica a almacén y depósito de provisiones, habiéndoseles dado en dicho 25 de enero de 1913 un plazo razonable de diez días   *   *   *.''

Sostienen los apelantes, que imputándoseles la comisión de un delito realizado en su carácter de mandatarios, la acusación debió alegar que tenían facultades bastantes de acuerdo con sus poderes, para realizar la obra que les ordenó el Director de Sanidad, ya que como tales mandatarios han de ajustarse a las instrucciones recibidas de sus mandantes y no pueden traspasar los límites de su poder.

Sin perjuicio de considerar luego más detenidamente la cuestión de si los acusados tienen o nó como tales apoderados el deber de hacer la obra que se les exigió, nos bastará por ahora decir respecto a la excepción perentoria, que la acusación no tiene el defecto que se le atribuye, toda vez que sigue las palabras del estatuto, lo que por regla general es suficiente, según hemos resuelto en los casos de *El Pueblo* v. *Fontana,* 16 D. P. R., 658 y *El Pueblo* v. *Birrier,* 18 D. P. R., 270 y por tanto, la corte inferior no cometió el error que se le atribuye al desestimar la excepción alegada bajo ese fundamento.

Durante la discusión oral de este recurso alegaron los apelantes por primera vez, como otro fundamento para sostener su excepción, que la acusación era además insuficiente, porque no expresaba si el almacén cuyo piso se manda a poner de concreto, lo tenía de madera.  No es necesario que la acusación tenga tal alegación, pues, si bien la sección 7ª. del mencionado reglamento dice que los edificios destinados a almacén se sujetarán a las reglas prescritas para las casas de vivienda, y en éstas es requisito que tenga el piso de la planta baja de madera para que puedan ordenarse las obras que especifica la sección 2ª. del reglamento, sin embargo, el

último apartado de la sección 7ª. dispone que ello no obstante, todos los almacenes deberán tener necesariamente el piso de concreto u hormigón, de donde se deduce que no es necesario que tengan el piso de madera para que pueda ordenarse que se le ponga de concreto u hormigón y que basta que no lo tenga de esta clase de material y esté destinada la casa a almacén.

El segundo motivo en que los apelantes fundan su recurso es que la sentencia no sólo es contraria a derecho sino a las pruebas.

De la evidencia obrante en los autos resulta que tres de los acusados son apoderados generales de otros tantos condueños de la casa en cuestión y que el otro de ellos es condueño de la misma casa; que dicho edificio está destinado a almacén y no tiene el piso de concreto u hormigón, a pesar de que ha transcurrido el plazo que les concedió el Director de Sanidad para que pusieran esa clase de piso.

El contenido propio de un mandato general son los actos de administración, así como los de propiedad y dominio son los del mandato expreso, por lo que un poder general para administrar, incluye necesariamente la obligación del mandatario de realizar todos los actos propios para la conservación de la cosa administrada, como lo haría un buen padre de familia, por lo que no podrá decirse que traspasa los límites de su poder si realiza actos propios para conservar la finca cuyo cuidado y conservación se le ha confiado, ya que administrar es cuidar y conservar. Por tanto, el apoderado tiene el deber de hacer las obras necesarias para que la cosa cuya administración se le confía, pueda dedicarse al uso a que la destina su dueño, sin necesidad de mandato expreso de éste; y como un edificio dedicado a almacén debe reunir las condiciones exigidas por las leyes de sanidad, so pena de que no pueda destinarse a ese uso, es lógico que si como tal lo ha de conservar el mandatario, deberá hacer las reparaciones consiguientes a tal fin. En consecuencia, como la obra ordenada en este caso por el Director de Sanidad tenía por

objeto que la casa tuviera las condiciones propias de todo almacén, que es el uso a que la destinan sus dueños, tal obra era meramente de reparación y conservación, ya que sólo se trataba de cambiarle el piso que tenía por otro, y no tiene por tanto el carácter de nueva construcción o de fabricación, como equivocadamente sostienen los apelantes.

En cuanto al acusado que es condueño, no es excusa para él que el Código Civil Revisado en su artículo 404, le prohiba, sin consentimiento de los demás partícipes, hacer alteraciones en la cosa común, aunque de ellas pudieran resultar ventajas para todos, ya que como hemos consignado se trata únicamente de obras de conservación, que no alteran la cosa poseída en común y si como hemos dicho, los acusados como apoderados de algunos condueños, tenían el deber de hacer esa obra, también lo tenía el acusado que resulta ser condueño, con tanta mayor razón cuanto que el artículo 402 del Código Civil Revisado le concede el derecho de obligar a los otros partícipes a contribuir a los gastos de conservación de la cosa común.

El último punto tratado por los apelantes es, que como fueron requeridos para hacer esa obra advirtiéndoseles que si no la hacían en término de diez días la ejecutarían por su cuenta las autoridades sanitarias, al dejar de hacerla, no incurrieron en responsabilidad criminal, sino solamente en la obligación de pagar las obras que hiciera la Sanidad.

La Ley No. 81 para reorganizar el Servicio de Sanidad, aprobada en 14 de marzo de 1912, dice lo que sigue:

"Artículo 31. En caso de que el dueño, agente o inquilino de una propiedad donde exista un daño o estorbo público, dejare de hacerlo desaparecer o abatir dentro de un plazo razonable, después que se haya hecho debidamente la notificación para la ejecución de la obra, se faculta por la presente a las autoridades sanitarias para remover o abatir el daño o estorbo, a expensas de dicho dueño, agente o inquilino, y la parte interesada será informada debidamente de los gastos en que se hubiera incurrido con tal motivo, y reintegrará el importe de los mismos a las autoridades de Sanidad. Cualesquiera sumas así pagadas por los funcionarios de Sanidad para la remoción

o abatimiento de un daño o estorbo, constituirán un gravamen sobre la propiedad donde exista tal daño o estorbo, y una reclamación legal contra el dueño, agente o inquilino. Esta acción, sin embargo, no relevará de responsabilidad a cualquier dueño, agente o inquilino por la infracción de las disposiciones de los reglamentos sanitarios * * *.

"Artículo 33. Toda persona que infrinja cualquier disposición de los reglamentos de Sanidad puestos en vigor según se dispone por esta ley, será castigada con multa que no será menor de $1 ni mayor de $100, o con prisión desde uno a treinta días, o con ambas penas a discreción del tribunal."

Los preceptos legales antes citados demuestran claramente que el sólo hecho de no llevar a cabo las reparaciones ordenadas por el Director de Sanidad de acuerdo con la ley y los reglamentos, es bastante para que pueda ser perseguida criminalmente la persona que tiene el deber de hacerlas, independientemente de que las autoridades sanitarias verifiquen o nó dichas obras.

Así, pues, no hay en la sentencia apelada los errores de derecho que le atribuyen los apelantes y la prueba demuestra haberse justificado todos los requisitos necesarios para que los acusados pudieran ser condenados, como lo fueron, por la infracción denunciada.

La sentencia debe ser confirmada.

*Confirmada.*

Jueces concurrentes: Sres. Presidente Hernández y Asociados Wolf y del Toro.

El Juez Asociado Sr. MacLeary no tomó parte en la resolución de este caso.