GOICO, DEMANDANTE Y APELADA, *v.* RODRÍGUEZ ET AL., DEMANDADOS Y APELANTES.

APELACIÓN procedente de la Corte de Distrito de Mayagüez en pleito sobre cobro de dinero.

No. 2440.—Resuelto en mayo 31, 1922.

HIPOTECA—TIPO DE INTERÉS—TIPO CONVENCIONAL—ESTIPULACIÓN—INTENCIÓN.— En un contrato de hipoteca el tipo convencional de intereses será permitido después de vencida la obligación cuando existe estipulación en este sentido, y también ha sido resuelto frecuentemente que tal tipo puede permitirse aún en ausencia de un convenio expreso al efecto cuando de los términos de la obligación misma resulta enteramente manifiesto que ésta fué la intención de las partes.

Los hechos están expresados en la opinión.

Abogado de los apelantes: *Sr. J. Sabater.*

Abogados de la apelada: *Sres. Benet & Souffront.*

EL JUEZ ASOCIADO SR. HUTCHISON, emitió la opinión del tribunal.

A virtud de una apelación anterior fué revocada la sentencia original dictada en este caso y devuelto éste para ulteriores procedimientos. La opinión contiene una exposición completa de los hechos y puede verse en la página 530 del tomo 28 de las Decisiones de Puerto Rico.

Subsiguientemente la corte inferior basada en los hechos ya presentados como prueba y sin emitir una opinión dictó sentencia a favor de la demandante por la suma de $347.15, que es el saldo de la deuda hasta el día 8 de septiembre de 1919, más la suma de $12.72 por concepto de intereses a razón del 12 por ciento desde esa fecha hasta el día 31 de diciembre del mismo año, en que venció todo el término de la hipoteca, más el interés legal del 6 por ciento sobre dicha

suma de $347.15 desde la fecha citada en último término hasta su total solvento, ascendente a la fecha de la sentencia, o sea, en enero 19, 1921, a la suma de $$22.56, "o" dice además la sentencia, "o sea una totalidad de $382.43, más el interés legal de dicha suma desde esta fecha hasta su total solvento," y las costas del pleito.

La inferencia es clara de que la corte inferior mantuvo su criterio respecto a la interpretación dada primeramente a los términos de la hipoteca con excepción solamente del único punto por el cual fué revocada la anterior sentencia, o sea, la duración del contrato en cuanto al tipo de interés para comprender un período de tiempo subsiguiente a la fecha del vencimiento de la hipoteca.

Ahora lo mismo que en la anterior apelación asume el apelante pero no demuestra ya mediante argumentos o por cita de autoridades que tal interpretación es errónea. El lenguaje del documento está ciertamente sujeto a la interpretación que se le ha dado y después de una consideración más minuciosa de la cuestión nos inclinamos a convenir con la corte sentenciadora.

La disposición en cuanto al término e intereses considerada por sí sola es perfectamente clara: "la hipoteca se constituye por cinco años, y al interés del 12 por ciento anual." Si bien las palabras que siguen "pagadero en la siguiente forma" gramaticalmente parecen referirse sólo a los intereses, es una circunstancia significativa que los varios plazos que entonces se enumeran comprendan en cada caso parte del principal, así como la suma de intereses especificada. Asimismo la cláusula apremiante del párrafo que sigue inmediatamente muestra igual inexactitud de expresión, pero en conjunto parece conferir al acreedor el derecho a considerar o no vencida toda la deuda para la oportuna reclamación judicial si lo estimare conveniente caso de no satisfacerse cualquiera de los plazos concertados. Difícilmente pudo haber sido la intención de las partes que la renuncia de este pri-

vilegio por el acreedor por no poder el deudor hacer prontamente el pago parcial envolvería la pérdida del derecho a exigir el tipo convencional de intereses durante todo el término. Interpretando en conjunto el párrafo primero, y en relación con el segundo, no podemos decir que no fué la intención de las partes que el tipo convenido incluyera y se aplicara a los plazos vencidos y no satisfechos.

Siendo esto cierto, la regla que ha de prevalecer puede verse al principio del texto citado en nuestra anterior opinión: "Está bien establecido que el tipo convencional de interés será permitido después de vencida la obligación cuando existe estipulación en este sentido, y también ha sido frecuentemente resuelto que tal tipo puede permitirse aún en ausencia de un convenio expreso en tal sentido, cuando de los términos de la obligación misma interpretados debidamente resulta enteramente manifiesto que esta fué la intención de las partes."

La corte inferior, por tanto, no cometió error el conceder intereses de acuerdo con el contrato en vez de adoptar el tipo legal como medida de daños y perjuicios.

Las cuestiones ahora planteadas son sustancialmente las mismas que las que se trataron de someter en la anterior apelación. El discutir estas cuestiones en sus detalles no conduciría a fin práctico alguno. La mayor parte de ellas dependen de la hipótesis excluída a virtud de la interpretación que se dió al contrato por el juez sentenciador con la que estamos de acuerdo.

Esperábamos que cierta *obiter dicta* de nuestra anterior opinión podría servir ya de incentivo para un arreglo o si no de estímulo para la ulterior investigación de los abogados en caso de prolongarse la controversia. Que ni uno ni otro resultado sobrevino tiende únicamente a aclarar la regla general de que las declaraciones incidentales (*obiter*) sólo representan una pérdida así de tiempo como de energía.

Como quizá aparece de la exposición de hechos ya adop-

tada, *supra,* al hacer los demandados el depósito en la corte existía una diferencia de poco más de $100 en los cálculos contradictorios del importe adeudado entonces. La apelada, sin embargo, nos llama la atención hacia una circunstancia que no se tuvo en cuenta en la primer apelación, o sea, que la primitiva sentencia fué dictada unos tres meses antes del vencimiento del término fijado en la hipoteca. Por consiguiente el pronunciamiento en cuanto a los intereses al tipo convencional hasta que fueran satisfechos nunca hubiera producido efecto legal alguno después del vencimiento si la sentencia hubiera sido satisfecha dentro del término indicado. Por otra parte, este parecer pasa por alto el derecho de apelación. Aunque la sola cuestión resuelta en la anterior apelación fué la relativa al tipo a que debían concederse intereses después del vencimiento, este no fué el único punto levantado y la situación de los demandados en ciertos otros particulares no era enteramente insostenible. La demandante admitió la corrección de una partida que nunca había sido abonada a la cuenta. Se dice que no hubo prueba del exceso sobre el importe de los intereses vencidos y envueltos en el pago del primer plazo, pero ninguno de los intereses que se trató de cobrar son de fecha anterior a este pago. El hecho de haberse satisfecho este plazo en su totalidad no sólo no se niega sino que se admite implícitamente y la fijación del importe de intereses realmente vencidos entonces y la diferencia entre éste y la suma satisfecha es una mera cuestión de aritmética. Si bien esta diferencia no es grande debió haber sido concedida. Excepto por esta omisión la probable inadvertencia de los intereses compuestos al tipo legal sobre la suma de $22.56 a que se refiere el juez sentenciador, de ser errónea, podría considerarse como comprendida en la regla de *de minimis non curat lex.* Puede ser que una actitud menos agresiva por parte de la demandante hubiera ahorrado mucho tiempo, molestias y gastos a ambas partes. Los demandados han obtenido una revocación y tie-

nen ahora derecho a que se modifique la sentencia. Alguna excusa más para volver a presentar la cuestión ante esta corte puede verse en las indicaciones hechas, tal vez impropiamente, al resolverse la primera apelación. El pronunciamiento en cuanto a costas debido a que no excluye expresamente los honorarios de abogado incluiría esta partida de acuerdo con recientes decisiones de esta corte. Si el importe de tales honorarios debe fijarse ahora bajo la base de una compensación razonable por el tiempo y trabajo empleado, el resultado representaría una suma fuera de toda proporción a la cantidad envuelta y muy en exceso de los $200 estipulados en la hipoteca. Apreciadas todas las circunstancias nos sentimos obligados a resolver que los demandados no deben ser requeridos al pago de honorarios de abogado.

La sentencia apelada debe ser modificada a fin de que se ajuste al parecer aquí expresado, y así modificada, confirmada.

> *Modificada la sentencia dictada por la corte inferior en enero 19, 1921.*

Jueces concurrentes: Sres. Presidente del Toro y Asociados Wolf y Aldrey.

El Juez Asociado Sr. Franco Soto no intervino en la resolución de este caso.