Dolores Cabrera Viuda de Salazar, demandante y apelada, *v.* Carmen Morales Viuda de Rovira; María-Marina, Alejandrina y Pedro Rovira Ríos; María-Irma, Adolfo, Enrique y Alfredo Morales Rovira y Carmen-Pura y Darío Rovira Morales, demandados y apelantes.

Núm. 8088.—*Sometido:* Junio 13, 1940. *Resuelto:* Julio 26, 1940.

*Celestino Benítez Morales* y *J. Pérez Cordero,* abogados de los apelantes; *Carlos J. Torres Laborde,* abogado de la apelada.

El Juez Presidente Señor Del Toro emitió la opinión del tribunal.

Dolores Cabrera Viuda de Salazar demandó a Carmen Morales Viuda de Rovira y a María Marina, Alejandrina y Pedro Rovira Ríos, María-Irma, Adolfo, Enrique y Alfredo Morales Rovira y Carmen-Pura y Darío Rovira Morales en cobro de dinero garantizado con hipoteca y otros extremos. En la demanda se establecen tres causas de acción. Los demandados excepcionaron y contestaron y la corte resolvió el pleito por sentencia de febrero 16, 1939, contentiva de los siguientes pronunciamientos:

"1.—Declara nula la sentencia dictada por esta corte en el caso civil Núm. 13,485 y todos los procedimientos subsiguientes en dicho caso, en lo que se refiere a las participaciones indivisas en la finca descrita en la demanda y correspondientes a los demandados, Carmen Morales, María-Irma, Adolfo, Enrique y Alfredo Morales Rovira y también en cuanto a los demandados Carmen-Pura y Darío Rovira Morales;

"2.—Condenando a los demandados mencionados en el inciso 1 de esta sentencia a pagar solidariamente a la demandante Dolores Cabrera la suma de $4,500, más los intereses correspondientes a esa suma a razón del 9 por ciento anual desde el día 1 de mayo de 1930 hasta su completo pago;

"3.—Condenando a los demandados María Marina, Alejandrina y Pedro Rovira Ríos, Carmen Morales, María Irma, Adolfo, Enrique y Alfredo Morales Rovira y Carmen Pura y Darío Rovira Morales a pagar a la demandante en proporción a sus participaciones indivisas en la finca descrita en la demanda, la cantidad de $594 (contribuciones satisfechas al Pueblo de Puerto Rico), en la siguiente forma:

"María Marina, Alejandrina y Pedro Rovira Ríos 1/12 de esa cantidad cada uno de ellos;

"Carmen Morales, o sea, la viuda, la mitad de esa suma;

"Los menores Carmen Pura y Darío Rovira Morales 1/12 cada uno;

"Y por último los menores María Irma, Adolfo, Enrique y Alfredo Morales Rovira 1/48 de la misma cantidad;

"4.—Condenando a la viuda Carmen Morales y a los herederos de apellido Rovira Morales y Morales Rovira a pagar a la demandante la suma de $892.50 (parte proporcional contribuciones) en las proporciones expresadas en el inciso anterior;

"5.—Condenando a los demandados expresados en el inciso anterior y en la misma proporción al pago a la demandante de la cantidad de $1,664.55 (parte proporcional reparaciones);

"6.—Declarando que a los demandados expresados en el inciso 3 de esta sentencia y en la misma proporción a que han sido condenados a soportar las cargas se les abone la cantidad de $4,199.89 (parte proporcional frutos);

"7.—Condenando a los demandados a pagar las costas incurridas por la demandante en este caso."

No conformes los demandados interpusieron la presente apelación. Señalan seis errores cometidos a su juicio por la corte al no declarar que la demanda era ambigua, ininteligible y dudosa, al no resolver que hubo indebida acumulación de demandados en cuanto a las tres causas de acción, al no decidir que éstas no aducían hechos suficientes para determinarlas, al no declarar prematuro el cobro del crédito hipotecario, al decretar el pago de las reparaciones y reformas de la finca hipotecada y al condenar a los demandados a satisfacer intereses de mora sin haberlos convenido.

Examinemos el primer error. Por él se insiste en que la demanda es ambigua, ininteligible y dudosa, ya que tratándose de una sola causa de acción—en cobro de un crédito hipotecario—se ejercitan tres.

No tienen razón los apelantes. "Generalmente", se dice en 1 Bancroft Code Pleading, 348, sec. 210, "no se puede interponer la excepción previa de ser la demanda ambigua, ininteligible y dudosa por el hecho de que contenga errores

clericales o porque alegue como varias una causa de acción,'' habiéndose resuelto en *Demartin* v. *Albert,* 68 Cal. 279, que ''el número de causas de acción contenidas en una demanda, no constituye por sí materia que la convierta en ambigua, ininteligible y dudosa.''

Esto, aparte de que si bien se trata del cobro de una deuda asegurada con hipoteca, el asunto se complicó de tal modo, que fué precisamente para mayor claridad que la demandante hizo la división que se impugna.

Para la debida inteligencia de las cuestiones envueltas en este recurso, precisa tomar en consideración desde un principio la opinión emitida por esta corte en *Morales* v. *Cabrera,* 53 D.P.R. 94, a la que volveremos a referirnos en su oportunidad.

El segundo error no fué cometido. Aunque en verdad la demanda se interpuso partiendo de la base de la validez del primer pleito sobre ejecución de hipoteca en cuanto a los demandados María-Marina, Alejandrina y Pedro Rovira Ríos, es lo cierto que siempre existía contra ellos la reclamación de la parte proporcional de contribuciones que dejaron en descubierto, como lo comprueba el pronunciamiento tercero de la sentencia apelada.

Por el tercer error se sostiene que la corte debió haber declarado con lugar la excepción de falta de acción.

El caso es raro. La demandante, vencida y no pagada una deuda de seis mil dólares, contraída con ella por el causante de los demandados y garantizada por él con hipoteca sobre cierto solar y casa, inició un procedimiento judicial en 1930, contra Marina, Alejandrina y Pedro Rovira Ríos, Carmen Morales Viuda de Rovira y sus menores hijos Carmen-Pura y Darío Rovira Morales, obteniendo una sentencia favorable en ejecución de la cual se vendió en pública subasta la finca hipotecada a la propia demandante por la suma de seis mil dólares que era el capital adeudado.

A fin de anular dicho procedimiento, varios herederos iniciaron un pleito en la Corte de Distrito de San Juan contra

la aquí demandante, que culminó en una sentencia declaratoria de la nulidad solicitada. Apeló la demandada—aquí demandante—y obtuvo de esta Corte Suprema una sentencia por virtud de la cual quedó modificada la de la corte de distrito en el sentido de declarar válidos los procedimientos en cuanto a los deudores María Marina, Alejandrina y Pedro Rovira Ríos, y nulos con respecto a los otros deudores bien por no haber sido incluídos en la demanda ya por no haber sido debidamente notificados. (*Morales* v. *Cabrera,* 53 D.P.R. 94, 96, 107.) Quiere decir que la aquí demandante que a virtud de la venta de la finca hipotecada dentro del pleito sobre ejecución de su hipoteca se había convertido en dueña y que por la sentencia de la corte de distrito dictada en el pleito de nulidad seguido contra ella por los aquí demandados hubiera dejado de serlo, quedó, como consecuencia del fallo de esta corte en el dicho pleito de nulidad, como condueña de la finca junto con los primitivos dueños de la misma no notificados legalmente o no demandados en el pleito sobre ejecución de hipoteca, y ésa era su condición con respecto a la casa cuando se dictó la sentencia apelada en este pleito que estamos considerando y resolviendo.

Siendo ello así nos parece que resulta claro que la demandante tenía causa de acción para gestionar el cobro de su deuda, en cuanto a la parte no satisfecha, de los deudores no notificados legalmente o no demandados en el primitivo pleito, y como había quedado y se encontraba en posesión como condueña de la casa hipotecada y vendida para el cobro del gravamen que sobre ella pesaba y había percibido rentas que en parte no le correspondían y hecho gastos para la conservación del inmueble, tenía también derecho a aclarar en definitiva su situación mediante una liquidación a base de reintegro de frutos percibidos y cobro de gastos hechos. Y eso es en sustancia este pleito. No fué cometido el tercero de los errores señalados.

Por el cuarto se insiste en la falta de causa de acción, esta vez por considerarse prematura la ejercitada ya que "la

acreedora hipotecaria no restableció el estado de hecho devolviendo la finca hipotecada que se le adjudicó en pago del crédito; y el hecho de no haberse declarado la nulidad de la adjudicación.''

Quizá en estricto derecho tuvieran razón los apelantes cuando levantaron la cuestión en la corte de distrito porque este pleito se inició unos meses antes de dictada la sentencia por esta corte en *Morales* v. *Cabrera,* supra, pero después de dictada dicha sentencia quedó la actuación de la demandante justificada. La venta judicial con motivo de su primer pleito no quedó anulada por completo. En cuanto a una parte quedó en pleno vigor. De hecho permaneció la demandante en posesión. Si no dueña en su totalidad continuó con un derecho igual en el inmueble al que tenían los demandados con respecto a los cuales se anuló la sentencia en ejecución de la cual se vendió la finca hipotecada.

██ Por el quinto señalamiento se sostiene que erró la corte sentenciadora al decretar el pago de las reparaciones hechas en la finca de los demandados por la demandante.

Argumentan que la demandante no tenía autoridad para introducir reformas ni en su carácter de condueña ni como poseedora de la propiedad y sostienen que siendo la demandante en todo caso una poseedora de mala fe no tenía derecho a ser reintegrada de lo que gastó en reparaciones.

En el caso de *Concepción* v. *Latoni,* 51 D.P.R. 564, 581, esta corte resolvió:

"Tampoco erró el juzgador al condenar a los demandantes y contrademandados a devolver al demandado la suma de $2,500 reclamada por éste por concepto de reparaciones hechas por él en las casas. Aún cuando considerásemos que el demandado en este caso era un poseedor de mala fe, siempre tendría éste derecho a reclamar los gastos incurridos por él para la conservación de las casas..... El demandado probó que las fincas habían quedado en condiciones deplorables y en estado de ruina como consecuencia del ciclón de San Ciprián; que las reparaciones eran necesarias para la conservación de las fincas y para poder alquilarlas.''

Y como la corte sentenciadora estimó que las reparaciones hechas eran necesarias para la conservación de la propiedad sin que la parte apelante nos haya puesto en condiciones de decidir si apreció o no bien la prueba sobre el particular ya que no ha elevado a este tribunal la transcripción de la evidencia, debe prevalecer su conclusión, y prevaleciendo el pronunciamiento de su sentencia se sostiene de acuerdo con la jurisprudencia citada.

En cuanto al argumento de que siendo la demandante un condueño necesitaba el consentimiento de la mayoría de los partícipes en la comunidad para verificar las reformas, nos parece que aceptando como cierta la conclusión de la corte sentenciadora al efecto de que las reparaciones eran necesarias para la conservación de la casa, el propio Código Civil autoriza a un comunero a repetir de sus condueños lo pagado por concepto de gastos de conservación. Dice el artículo 329 de dicho cuerpo legal:

"Todo copropietario tendrá derecho para obligar a los partícipes a contribuir a los gastos de conservación de la cosa o derecho común."

Y en el caso de *El Pueblo* v. *Pagán*, 19 D.P.R. 730, 734, este tribunal se expresó así:

"En cuanto al acusado que es condueño, no es excusa para él que el Código Civil Revisado en su Artículo 404, le prohíba, sin el consentimiento de los demás partícipes hacer alteraciones en la cosa común, aunque de ellas pudieran resultar ventajas para todos, ya que como hemos consignado, se trata únicamente de obras de conservación que no alteran la cosa poseída en común, y si como hemos dicho, los acusados como apoderados de algunos condueños tenían el deber de hacer esa obra, también lo tenía el acusado que resulta ser condueño, con tanta mayor razón cuanto que el artículo 402 del Código Civil Revisado le concede el derecho de obligar a los otros partícipes a contribuir a los gastos de conservación de la cosa común."

El sexto y último señalamiento es al efecto de que erró la corte al condenar a los demandados al abono de intereses al 9% anual.

La corte de distrito al condenar a los demandados a pagar los dichos intereses descansó en la autoridad del caso de *Goico* v. *Rodríguez*, 30 D.P.R. 606, 608. "Siendo esto cierto", se dijo en dicho caso, "la regla que ha de prevalecer puede verse al principio del texto citado en nuestra anterior opinión. 'Está bien establecido que el tipo convencional de interés será permitido después de vencida la obligación cuando existe estipulación en este sentido, y también ha sido frecuentemente resuelto que tal tipo puede permitirse aún en ausencia de un convenio expreso en tal sentido, cuando de los términos de la obligación misma interpretados debidamente resulta enteramente manifiesto que ésta fué la intención de las partes.' " Véanse *Caraballo* v. *Registrador*, 48 D.P.R. 923, 925, y *Muñoz* v. *Nieves*, 53 D.P.R. 349, 355.

*No hubo error. Debe declararse sin lugar el recurso y confirmarse la sentencia apelada.*

El Juez Asociado Sr. De Jesús no intervino.