Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL VII

| FRANCISCO MONTALVO RODRÍGUEZ  Apelante  V.  CLARO  Apelada | KLAN202400177 | *Apelación* procedente del Tribunal de Primera Instancia, Sala Superior de Mayagüez  Caso Núm.: MZ2022CV01370 (SALÓN 306)  Sobre: ACCIÓN REINVINDICATORIA Y OTROS |
|---|---|---|

Panel integrado por su presidenta, la Jueza Domínguez Irizarry, la Jueza Grana Martínez y el Juez Pérez Ocasio.

Grana Martínez, Jueza Ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 15 de abril de 2024.

Comparece ante este tribunal, la parte apelante de epígrafe, el señor Francisco Montalvo Rodríguez. Mediante recurso de apelación nos solicita la revocación de una sentencia emitida por el Tribunal de Primera Instancia que desestimó la causa de acción por este presentada contra Claro de Puerto Rico, por falta de parte indispensable.

Los hechos esenciales para comprender la decisión que hoy tomamos se detallan a continuación.

**I**

El 6 de julio de 2022, el señor Francisco Montalvo Rodríguez, en adelante el apelante o Montalvo Rodríguez, presentó una Demanda reclamando daños y perjuicios contra la compañía Claro Puerto Rico, en adelante Claro o apelada. En su reclamación, el apelante reclamó ser dueño de una propiedad ubicada en la Carretera 341, Km. 2.1 del Barrio Sabanetas, Manatí. Adujo que en dicho solar Claro instaló, sin su permiso, un poste, "perforando

su solar." Alegó que debido a la instalación se le ha hecho imposible cercar su propiedad, porque el poste fue colocado donde planeaba edificar la verja, lo que ha interferido con el disfrute de su terreno. Suplicó al foro de instancia que se ordenara la remoción del poste, se colocara su terreno en su estado previo; se le pagara $2,000 mensuales por el tiempo que el poste ha estado en su terreno y se le otorgara una indemnización no menor de $25,000 por los daños y angustias causados.[1]

Así las cosas, el 6 de diciembre de 2022, Puerto Rico Telephone Company, Inc., haciendo la salvedad de que erróneamente se le había identificado como CLARO y, sin someterse a la jurisdicción del tribunal presentó *Solicitud de desestimación.* Arguyó que el emplazamiento había sido expedido el día 8 de septiembre de 2022, primero a nombre de Claro Puerto Rico y luego a nombre de Claro solamente y que ninguno de los dos nombres correspondía a una entidad con personalidad jurídica, ni existente de ninguna forma en nuestra jurisdicción. Afirmó que los requisitos de un emplazamiento son exigencias del debido proceso de ley, no formalidades inconsecuentes, por lo que se requería estricta adhesión a sus requerimientos. Reclamó su derecho a ser emplazada conforme a derecho. Su postura se cimentó en que los nombres de las corporaciones se pueden obtener hasta virtualmente, a través del Registro de Corporaciones del Departamento de Estado, por lo que, a su entender, no existía justificación alguna para emplazar a una entidad corporativa por un nombre incorrecto, cuando una búsqueda sencilla hubiera identificado que la corporación es Puerto Rico Telephone Company, Inc. Para el apelado, la falta de diligencia de la parte apelante en identificar el nombre correcto de la corporación a demandar no

---

[1] Véase página 4 a 5 del apéndice.

justifica permitir un emplazamiento inoficioso. Por último, citando el caso de *Martajeva v. Ferré Morris y otros,* 210 DPR 612, 621 (2022), expuso que el emplazamiento defectuoso no prorrogó en manera alguna los términos jurisdiccionales para emplazar, ni paralizó los términos prescriptivos aplicables.[2]

El 8 de enero de 2023, el apelante adujo que lo importante era el diligenciamiento sobre la persona o entidad correcta y ciertamente, en este caso, no había duda de que se había diligenciado correctamente. Sostuvo que, en ocasiones, los emplazamientos se diligencian genéricamente como fulano de tal y posteriormente se sustituye con el nombre correcto. Por último, aseveró que el emplazamiento fue solo uno, estaba dirigido a CLARO y en la parte de abajo decía Puerto Rico, lo que reafirmaba que se dirigió a CLARO PUERTO RICO, que insistió era la entidad correcta. Adjudicó el argumento de Puerto Rico Telephone Company Inc., a tácticas dilatorias. El 15 de febrero del año en curso, notificado el 23 del mismo mes y año, el foro primario rechazó desestimar el pleito concluyendo que del propio expediente surgía de que, el emplazamiento expedido el 8 de septiembre de 2022, fue a nombre de Claro Puerto Rico, por lo que adquirió jurisdicción sobre la parte demandada.

Así las cosas, el 9 de marzo de 2023, Puerto Rico Telephone Company, Inc., se sometió a la jurisdicción del tribunal y presentó la Contestación a la Demanda. Meses después y, luego de un breve descubrimiento de prueba, el 30 de noviembre de 2023, Puerto Rico Telephone Company, Inc. volvió a solicitar la desestimación del recurso. Esta vez explicó que, durante el descubrimiento de prueba, había advenido en conocimiento que el demandante solo era propietario de una participación de 4.5% sobre la propiedad

---

[2] Véase entrada Núm. 6 del Sistema Unificado de Manejo y Administración de Casos, en adelante SUMAC.

que había reclamado titularidad, la finca número 11,683. Advirtió al tribunal que los propietarios del restante 95.5% de la participación en común proindiviso de una parcela de la finca número 11,683, constituían partes indispensables. Montalvo Rodríguez se opuso a la desestimación, arguyó que era un subterfugio para perpetuar un acto injustificable como era enclavar un poste en una propiedad privada, sin tener el consentimiento del dueño. Reclamó ostentar la posesión del terreno objeto de la controversia desde el 2010, en concepto de dueño, pública y pacíficamente, siendo reconocido como dueño. Afirmó que los tribunales están obligados a tomar como ciertos todos los hechos bien alegados en la demanda y, a su vez, considerarlos de la forma más favorable a la parte demandante y a interpretar las alegaciones de la demanda de manera liberal y conjunta. En cuanto a su condición de comunero aseveró que los comuneros tienen derecho a co-poseer los bienes comunes y a servirse de estos, conforme a las reglas sobre el uso de la cosa común, estas reglas permiten utilizar totalmente la cosa común a cualquiera de ellos cuando no lo estén haciendo los demás. Para el apelante, además de tener posesión del terreno desde el 2010, lo había mantenido en condiciones e incluso existe un acuerdo entre los comuneros sobre la parte que le correspondería a cada uno de ellos, estando el poste colocado en su parte. Finalmente reclamó que no se trataba de un acto de disponer, enajenar o gravar la propiedad, al contrario, lo que hacía era defender su derecho contra las actuaciones injustas y de abuso de poder económico del demandado, quien se estaba enriqueciendo injustamente de una propiedad que no le pertenecía. Por su parte, PRTC replicó enfatizando que el apelante se había limitado a realizar imputaciones en su contra y a alegar actuaciones ultravires y otros

titulares de porciones alícuotas de la finca sosteniendo así, lo mismo a lo que se oponía, que faltaban partes indispensables.

Eventualmente, el foro primario tomando en consideración las posturas de las partes, concedió un término de 15 días a Montalvo Rodríguez para enmendar la demanda e incluir a los propietarios del 95.5% del solar, por considerarlos partes indispensables.[3] El término concedido expiró el 11 de enero de 2024, sin que la parte demandante cumpliera con lo que le fue ordenado, a pesar de haber comparecido mediante escritos reiterando su inconformidad con la orden y cuyo contenido omitimos por ser innecesario.

Finalmente, el 24 de enero del año en curso, el foro primario emitió una Sentencia desestimando sin perjuicio la causa de acción. El foro primario concluyó que los propietarios del 95.5% de la participación en común proindiviso de una parcela de la finca número 11,683, distintos al 4.5% de la participación en común proindiviso que posee el demandante, eran partes indispensables en el caso. Fundamentó su determinación en que, una vez se determina que hay ausencia de parte indispensable, el pleito no puede adjudicarse sin su presencia. *Pérez Rosa v. Morales Rosado*, 172 DPR 216 (2007). Esto se debe a que el tribunal carece de jurisdicción para resolver la controversia si está ausente una parte indispensable. *Bonilla Ramos v. Dávila Medina*, 185 DPR 667, 676 (2012). Explicó y citamos:

> En el caso ante nos el demandante alegó ser el propietario de un predio de la finca y que PRTC había colocado un poste en una solar propiedad del demandante; sin embargo, del expediente ante nuestra consideración quedó demostrado que el demandante es el propietario del 4.5% de una participación en común proindiviso de una parcela de la finca número 11,683. Además, que perteneciendo esta finca a un patrimonio indiviso, la misma no podrá ser transmitida o gravada en cuota o porciones del

---

[3] Véase entada Núm. 31 en SUMAC.

dominio de la finca sino por todos los titulares a menos que haya mediado partición y adjudicación a favor del transmitente. No podemos llegar a una conclusión en este caso, sin afectar los intereses de los titulares ausentes.

Por todo lo anteriormente expuesto, determinamos que la ausencia en este pleito de los titulares del 95.5 de una participación en común proindiviso de una parcela de la finca número 11,683 es fundamento para desestimar la demanda, por tratarse de ausencia de partes indispensables la cual impide que podamos llegar a una conclusión en este caso, sin afectar los intereses de los titulares ausentes.

Evaluamos la petición de la parte demandante para que se le permitiera emplazar por edicto, así como la Oposición de Claro al respecto, del 15 de enero de 2024. En su escrito, Claro expresó que la petición de la parte demandante para emplazar por edicto no se justificaba en derecho, por lo que reiteraba su solicitud de desestimación. Coincidimos con Claro en que no nos encontramos en una situación que nos permita autorizar que se expidan emplazamientos por edicto.[4]

El 22 de febrero de 2024, el apelante presentó el escrito apelativo ante el foro primario. Finalmente, el 26 fue presentado ante este tribunal. En su recurso ante este foro, el apelante presenta el siguiente señalamiento de error:

Erró el Honorable Tribunal al desestimar la demanda del caso aquí apelado bajo el fundamento que faltaba parte indispensable, ya que el apelante lo que hace es estar defendiendo la cosa común.

En su escrito apelativo, Montalvo Rodríguez hace referencia a un caso resuelto por este foro, *Brenda Soto Rosario y Otros vs Marcelina Soto Rosario*, KLAN200300277. En virtud del cual y del Art. 326 del Código Civil de 1930, en asuntos de defensa en juicio y reivindicación de la cosa común, la doctrina prevaleciente en España ha establecido reiteradamente que "cualquiera de los comuneros puede comparecer en juicio en asuntos que afecten los derechos de la comunidad, tanto para ejercitarlos como para defenderlos, por lo que un condueño puede entablar la acción reivindicatoria en beneficio de todos, pues ha de actuar en

---

[4] Véase entrada Núm. 35 en SUMAC.

beneficio de la comunidad y no exclusivamente para sí". Puig Brutau, *Fundamentos de Derecho Civil*, Barcelona, Ed. Bosch, T. III, Vol. II, 1979, pág. 32, citando de la sentencia emitida, entre otras tantas, por el Tribunal Supremo de España el 14 de marzo de 1969, Aranzadi Núm. 1,280. Así las cosas, Montalvo Rodríguez entiende que, como comunero, puede instar la acción reinvindicatoria en beneficio de los demás, pues lo que pretende es defender los derechos de la cosa común. Finalmente, afirma que traer los demás comuneros como parte sería muy oneroso dejándolo desprovisto de un remedio justo.

El 21 de marzo del corriente año recibimos la oposición presentada por PRTC. Con el beneficio de los argumentos de ambas partes resolvemos.

**II**

**A. PARTE INDISPENSABLE**

Las personas que tengan un interés común, sin cuya presencia no pueda adjudicarse la controversia, se harán partes y se acumularán como demandantes o demandadas, según corresponda. Cuando una persona que deba unirse como demandante rehúse hacerlo, podrá unirse como demandada. 32 LPRA Ap. V, R. 16.1. Lo distintivo para considerar si una parte se considera indispensable es el interés común, sin cuya presencia no pueda adjudicarse la controversia. *García Colón et al. v. Sucn. González*, 178 DPR 527, 548 (2010); *Deliz et als. v. Igartúa et als.*, 158 DPR 403, 432 (2003). El interés de la parte ausente en la cuestión debe ser de tal magnitud, que no puede dictarse un decreto final entre las otras partes, sin lesionar y afectar radicalmente sus derechos, pues sus intereses podrían quedar destruidos o inevitablemente afectados por una sentencia dictada, estando ausente del litigio. *Pérez Ríos et al v. CPE*, 2023 TSPR 136, 213 DPR ___ (2024); *FCPR v. ELA et al.*, 211 DPR 521 (2023); *Cirino*

*González v. Adm. Corrección et al.*, 190 DPR 14, 46 (2014); *García Colón et al. v. Sucn. González*, supra, pág. 549; *Deliz et als. v. Igartúa et als.*, supra, pág. 432-433; *Sánchez v. Sánchez*, 154 DPR 645, 678 (2001); *Rodríguez Rodríguez v. Moreno Rodríguez*, 135 DPR 623, 627 (1994). Además, el interés tiene que ser real e inmediato. *García Colón et al. v. Sucn. González*, supra; *Romero v. S.L.G. Reyes*, 164 DPR 721, 733 (2205). No cualifica por falta de inmediatez meras especulaciones o de un interés futuro. *Pérez Ríos et al v. CPE*, supra; *RPR & BJJ, Ex Parte*, 207 DPR 389, 408 (2021); *García Colón et al. v. Sucn. González*, supra; *Deliz et als. v. Igartúa et als.*, supra, pág. 435. La decisión de si una parte es o no indispensable, manda un análisis práctico que considere las circunstancias particulares de cada caso, no la utilización de una fórmula con pretensiones omnímodas. *García Colón et al. v. Sucn. González*, supra, pág. 549-550; *Romero v. S.L.G. Reyes*, supra, pág. 732; *Deliz et als. v. Igartúa et als.*, supra, pág. 434.

El objetivo de la norma es múltiple, proteger a la persona que no está presente de los efectos legales de la sentencia y evitar la multiplicidad de los pleitos mediante un remedio efectivo y completo. *Pérez Ríos et al v. CPE*, supra; *FCPR v. ELA et al.*, supra, pág. 4; *RPR & BJJ, Ex Parte*, supra, pág. 407; *García Colón et al. v. Sucn. González*, supra; *Rodríguez Rodríguez v. Moreno Rodríguez*, supra, pág. 627; *Granados v. Rodríguez Estrada II*, 124 DPR 593, 605 (1989); *Hernández Agosto v. Romero Barceló*, 112 DPR 407, 412–413 (1982). Cabe resaltar que es un planteamiento que se puede hacer por primera vez en etapas tan avanzadas del litigio como a nivel apelativo e inclusive ser considerado *motu proprio* por el foro, debido a que, en ausencia de parte indispensable, el tribunal carece de jurisdicción sobre la persona, siendo cualquier sentencia emitida en su contra nula o inexistente. *Pérez Ríos et al v. CPE*, supra; *RPR & BJJ, Ex Parte*, supra, pág. 407. *García Colón*

*et al. v. Sucn. González,* supra, pág. 550; *In re Vélez Báez,* 176 DPR 201, 212 (2009); *Romero v. S.L.G. Reyes,* supra, pág. 733; *Unisys v. Ramallo Brothers,* 128 DPR 842, 859 (1991); *Granados v. Rodríguez Estrada II,* supra, pág. 603. Por último y, no menos importante, es una violación al debido proceso de ley emitir una sentencia en contra de una parte indispensable, pues se transgrede la protección constitucional que impide que una persona sea privada de su libertad o propiedad sin el debido proceso de ley. *García Colón et al. v. Sucn. González,* supra; *Romero v. S.L.G. Reyes,* supra, pág. 733; *Deliz et als. v. Igartúa et als.,* supra, pág. 435. *Cepeda Torres v. García Ortiz,* 132 DPR 698, 705 (1993); *Carrero Suárez v. Sánchez López,* 103 DPR 77, 81–82 (1974). En fin, la falta de parte indispensable es un planteamiento que puede hacerse en cualquier momento, no importa lo avanzado del litigio y no tiene que ser presentada, por una parte, sino que puede generarse por el propio tribunal. Recordemos que este siempre tiene el deber ineludible de auscultar su jurisdicción para intervenir en todos los asuntos ante su consideración, como asunto de primer orden, pues una determinación sin jurisdicción es tiempo perdido que atenta flagrantemente contra el principio rector del esfuerzo judicial de operar bajo sistemas para el manejo de casos de forma efectiva y rápida, sin menoscabar los derechos sustantivos y procesales de la ciudadanía.[5]

**B. COMUNIDAD DE BIENES**

Existe comunidad de bienes cuando una cosa o un derecho pertenecen en común proindiviso a dos o más personas. 31 LPRA sec. 8191. En ausencia de un pacto entre los comuneros, o de disposiciones o comunidades especiales, la comunidad de bienes se rige por lo dispuesto en el Código Civil de 2020. 31 LPRA sec.

---

[5] 4 LPRA sec. 24a (a).

8192. Los derechos y las obligaciones de los comuneros son proporcionales a sus respectivas cuotas en la comunidad. 31 LPRA sec. 8194. Todos los comuneros tienen derecho a participar en la administración de la cosa común. 31 LPRA sec. 8203.

El Tribunal Supremo de Puerto Rico ha reconocido que aun cuando el ordenamiento jurídico le reconoce a los comuneros facultades plenas sobre su cuota particular, no existe igual libertad de acción con relación a la cosa común. Las facultades que se le atribuyen a los copartícipes sobre la cosa común están necesariamente subordinadas al derecho de todos los demás.[6] De manera que, las gestiones relacionadas a la cosa común siempre requerirán cierto grado de acuerdo o acción conjunta entre los copropietarios. Tal es la norma, toda vez que hacer lo contrario, podría implicar perjuicio a la comunidad o al interés que cada partícipe tiene en ella. Las normas referentes a la autoridad que los copropietarios poseen sobre el objeto común varían de acuerdo con el acto o gestión que se interese realizar sobre éste. Del mismo modo, la facultad de los comuneros para obligar con sus actos a los demás partícipes de la comunidad difiere dependiendo de si se trata de un acto de conservación, de administración o de alteración de la cosa común. *Residentes Sagrado Corazón v. Arsuaga*, 160 DPR 289, 309 (2003).

Cuando se trate de actos para la conservación, el ordenamiento dispone que todo copropietario tendrá derecho a obligar a los demás codueños a contribuir con los gastos que genere la conservación de la cosa o derecho común.[7] Ahora bien, si

---

[6] J. Castán Tobeñas, *Derecho Civil español común y foral*, 13ra ed. rev., Madrid, Ed. Reus, 1987, T. II, Vol. 1, pág. 449.

[7] Anterior Art. 329, 31 LPRA sec. 1274. Hoy derogado y sustituido por el Art. 843 sobre gastos necesarios para la conservación. Todo comunero está obligado a contribuir al pago de los gastos necesarios para la conservación de la cosa o derecho común y a los gastos acordados por la mayoría, cuando los exija cualquiera de los comuneros. Solo puede eximirse de esta obligación el comunero que renuncia a su cuota antes de aprobar, expresa o tácitamente, los

es un acto de administración y mejor disfrute de la cosa común, sólo obligará a todos los condueños si es ejecutado, luego de haberse llegado a un acuerdo por mayoría.[8] Ahora bien, los actos que conlleven una alteración de la cosa común, ninguno de los condueños podrá realizarlos sin el consentimiento unánime de los demás, aun cuando de ellos pudieran resultar ventajas para todos.[9]

El Código Civil de 1930, hoy derogado por el Código Civil de 2020, ni este último, nos dan ejemplos concretos o definiciones categóricas de los actos de pleno dominio o de disposición. Tampoco existe consenso en la doctrina, pues una marcada tendencia en los países civilistas niega que exista aisladamente un acto puro de administración ni de disposición. *Rivera Rodríguez v. Junta de Dir. I y II*, 173 DPR 475, 485 (2008). Como actos de administración se reputan aquellos que se requieren para contrarrestar los efectos de la duración o transcurso del tiempo en el valor de las cosas; son, como se ha dicho, los que salvan el valor presente de una cosa, sin comprometerla para el futuro. Son, también, los que permiten que una cosa se incremente con un valor que las circunstancias permiten aprovechar sin necesidad de exponerse a un riesgo o de sufrir un quebranto. *Residentes Sagrado Corazón v. Arsuaga*, supra, pág. 310; *Padró Collado v.*

---

gastos. La renuncia de un comunero tiene el efecto de aumentar a los demás en proporción a sus cuotas. 31 LPRA sec. 8205.

[8] Anterior Art. 332, 31 LPRA sec. 1277. Hoy derogado y sustituido por el Art. 841, Administración de la cosa común. Todos los comuneros tienen derecho a participar en la administración de la cosa común. En los actos de administración ordinaria son obligatorios, aun para la minoría disidente, los acuerdos adoptados por la mayoría absoluta de los comuneros calculada, según el valor de sus respectivas cuotas. Para que los acuerdos adoptados por la mayoría sean válidos, es necesario informar previamente a todos los comuneros el objeto de las deliberaciones a las que se les convoca. Si no se aprueban las medidas necesarias para la administración de la cosa común o no se forma mayoría, o si no se ejecuta el acuerdo adoptado, cualquier comunero puede recurrir a la autoridad judicial competente. 31 LPRA § 8203.

[9] Anterior Art. 331, 31 LPRA sec. 1276. Hoy derogado y sustituido por el Art. 844 sobre Actos de disposición material o jurídica. Es necesario el consentimiento unánime de los comuneros para llevar a cabo innovaciones y alteraciones sustanciales en la cosa común, así como para efectuar actos de disposición jurídica con respecto a ella. 31 LPRA § 8206.

*Espada*, 111 DPR 56, 73–74 (1981); *De la Fuente v. Antonio Roig Sucrs., S. en C.,* 82 DPR 514, 522 (1961). Es decir, se refiere a actos dirigidos al mero aprovechamiento de la cosa, con resultados transitorios, que no llegan a transformar la sustancia de la cosa y que sólo tienen como objeto regular, el uso y el modo de obtener todas aquellas utilidades que la cosa permita, sin detrimento de su natural entidad. *Residentes Sagrado Corazón v. Arsuaga*, supra; J. Castán Tobeñas, *op. cit.,* pág. 520; J.M. Manresa, *Comentarios al Código Civil Español*, 8va ed., Madrid, Ed. Reus, 1976, T. III, pág. 610.

Aquellos actos que persiguen la conservación de la cosa común, el comunero no necesita el consentimiento de los demás copartícipes para ejecutarlo, pero puede repetir de éstos la parte correspondiente de los gastos en los que incurrió. *Cabrera v. Morales*, 57 DPR 457, 463 (1940). Realizar actos que generan gastos de conservación implica efectuar gestiones necesarias para que la cosa no se deteriore ni perezca. *Residentes Sagrado Corazón v. Arsuaga*, supra, pág. 309.

Por otro lado, los actos que conllevan una alteración de la cosa común, los cuales requieren unanimidad para su validez ... suponen la producción de un cambio en el uso y disfrute o en la sustancia e integridad de la cosa, que pueden modificar el destino y la naturaleza de ésta y que significa una extralimitación de las facultades que legalmente corresponden a cada propietario. ... [U]na alteración significa un cambio en el destino de la cosa común o una modificación de la forma, la sustancia o la materia de la cosa ... un cambio del estado en que los otros copartícipes creen que la cosa debe permanecer, o una distracción del uso a que éstos quieren que sea destinada ... una desnaturalización del destino y servicio de la cosa indivisa ... un cambio de la esencia o forma de la cosa ... una novedad que pueda modificar y limitar, y, sobre

todo, perjudicar la condición o disfrute de la misma para los demás ... un acto que deba ser calificado jurídicamente como acto de disposición y que incluye los de simple intervención de hecho en la cosa común cuando puedan implicar para ésta alteraciones sustanciales ... una obra que modifique la forma o sustancia (especialmente el destino) de la cosa común ... todo acto dispositivo o de gestión que modifique sustancialmente el estado de hecho o de derecho de la cosa, de modo que después de él, la cosa no pueda decirse que sea como antes era. *Residentes Sagrado Corazón v. Arsuaga*, supra, pág. 311; *De la Fuente v. Antonio Roig Sucrs., S. en C.*, supra, págs. 524–525.

En todo caso, estimamos que la calificación de un acto como uno de administración más bien se define en atención a sus consecuencias para los comuneros y no a base de apreciar las cualidades que abstractamente le atribuya la jurisprudencia de conceptos. *De la Fuente v. Antonio Roig Sucrs., S. en C.*, supra, pág. 522; Puig Brutau, *op. cit.*, pág. 268.

### III

Tomando en cuenta el derecho antes consignado y los hechos reseñados, somos de la opinión que el foro recurrido no erró. La colocación del poste en el terreno no constituye un acto puro de administración. Mas bien tiene visos de acto de alteración y de cierta manera hasta de disposición judicial que pudieran acarrear obligaciones hacia todos los comuneros. Ante tal situación, nos parece prudente el término concedido por el foro primario para incorporar en el pleito a los copropietarios. Nótese que el 27 de diciembre de 2023, el foro recurrido concedió 15 días al apelante para enmendar la reclamación e incluir a los copropietarios, concluyendo que eran parte indispensable. De igual manera, advirtió que el incumplimiento acarrearía la desestimación de la reclamación. Acción que Montalvo Rodríguez

no aprovechó, dejando transcurrir el término concedido, sin subsanar su reclamación. En ausencia de error manifiesto, pasión, prejuicio o parcialidad, confirmamos la determinación recurrida.

**IV**

Por los fundamentos antes expuestos, se confirma la sentencia apelada.

Lo acordó el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones